**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SHAWN ZAJACZ,**

            **Plaintiff,**

**-vs-**                                               **Case No. 6:05-cv-348-Orl-28DAB**

**ELITE OPTIONS, INC., JACOB WOOD,
MICHAEL HERRING,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT AGAINST ELITE OPTIONS AND JACOB WOOD (Doc. No. 13)**
>
> **FILED:**     **July 18, 2005**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

      Plaintiff brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act ( the "FLSA") and Chapter 448, Fla. Statutes. Following service of process, neither of the remaining Defendants[1] appeared, and the Clerk entered a default (Doc. Nos. 8-10). The instant motion followed.

---

[1] Plaintiff filed a voluntary dismissal of Defendant Michael Herring, which the Court granted on July 7, 2005 Doc. Nos. 11 and 12).

Plaintiff seeks a default judgment against the remaining Defendants, in the amounts of $489.25 for violation of the minimum wage provision, and $489.25 as liquidated damages. In addition, Plaintiff also seeks a judgment against the defendants for $2,283.50 for attorney's fees and costs. It is **respectfully recommended** that the motion be **granted, in part**, as set forth herein.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, the Complaint asserts that the corporate defendant was Plaintiff's employer and Jacob Wood was a statutory employer, pursuant to the FLSA. The Complaint asserts that Plaintiff worked 95 hours from October 25, 2004 until November 11, 2004, but was not paid anything by Defendant for those hours. Oddly enough, here, the Complaint does specify the amount of damages (save for attorney's fees) sought pursuant to Chapter 448 ($760.00 plus interest at $.12 per day, and attorney's fees), but the motion for default judgment seeks judgment based on the alleged violation of the minimum wage provisions of the FLSA (which provides for liquidated damages), and not the claim for actual wages owed.

In Affidavit, Plaintiff calculates that he is owed 95 hours at the minimum wage rate of $5.15 per hour, for a total of $489.25, plus liquidated damages in an equal amount. As stated above, by virtue of the default and Plaintiff's uncontested Affidavit, Defendants are liable for these amounts.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). The fee, however, must still be reasonable.

Here, Plaintiff seeks an award of $1,933.50 in attorney's fees (calculated as 5.4 hours of attorney time at the rate of $300 per hour and 3.3 hours of paralegal time at a rate of $95.00 per hour) and costs in the amount of $350.00. Counsel avers that he and co-counsel have 16 and 11 years of experience and that $300 an hour is reasonable for seasoned attorneys. While the Court has no quarrel with the quality of the representation, this case, which involved form pleadings and no discovery or hearings, simply does not warrant so high an hourly rate in this community. The rate of $250 is reasonable for this type of work. As such, the Court recommends an award of attorney's fees in the amount of $1,663.50 (5.4 x $250 = $1350 plus 3.3 x $95 = $313.50, for a total of $1,663.50).

As for costs, Plaintiff seeks to recover the cost of the filing fee and service of process costs. According to the Affidavit of counsel (attached to the motion as exhibit 3), however, the $100 charge

for service of process includes $50 for service on a dismissed co-defendant. The remaining defendants are not liable for this charge. Thus, an award of $300 in costs is recommended.

For the reasons set forth above, the Court **respectfully recommends** that the motion be **granted,** and judgment be entered for damages in the amount of $978.50, and attorney's fees and costs in the amount of $1,963.50.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 21, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy